United States District Court
Southern District of Texas
**ENTERED**
July 08, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| HUMBERTO MARTINEZ RODRIGUEZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-298 |
| | § | |
| KRISTI NOEM[1] *et al.* | § | |

## ORDER

Petitioner, a Cuban citizen, brings this 28 U.S.C. § 2241 Petition challenging his detention pending his removal (Dkt. No. 1). Following an exhaustive review of the law and facts, the Court **GRANTS IN PART** the Petition (Dkt. No. 1).

## I.    BACKGROUND

Petitioner entered the United States in 2010, fleeing from Cuba (Dkt. Nos. 1 at 7, ¶ 19; 9 at 1). Shortly after his arrival, he became a Lawful Permanent Resident ("LPR") (Dkt. Nos. 1 at 7, ¶ 19; 1-2 at 4; 7 at 2). On November 12, 2015, he was convicted on several fraud-related charges (Dkt. Nos. 1 at 7, ¶ 24; 7 at 2). A district judge ordered him to a term of imprisonment and to pay substantial restitution (Dkt. Nos. 1 at 7, ¶ 24; 7 at 2). Following his incarceration, DHS served him with a Notice to Appear charging him as removable under INA § 237(a)(2)(A)(iii) based on his conviction (Dkt. No. 7 at 2). On July 18, 2017, an Immigration Judge ordered him removed (Dkt. Nos. 1 at 7, ¶ 25; 7 at 2). Respondents attempted to remove him to Cuba; however, after ninety days, Respondents released him under an Order of Supervision ("OSUP") (Dkt. Nos. 1 at 8, ¶ 26; 7 at 2).

Since his release, Petitioner had no further negative interactions with law enforcement, and has lived as a law-abiding member of his community (Dkt. No. 1 at 8,

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Todd Blanche is automatically substituted for Respondent Pamela Bondi in this case. Markwayne Mullin is automatically substituted for Respondent Kristi Noem and David Venturella is substituted for Respondent Todd Lyons under this same rule. The Clerk of Court is **DIRECTED** to substitute these parties on the docket sheet.

¶ 26). He is the father of two LPR children (Dkt. Nos. 1 at 7, ¶ 21). He owned an auto body shop since he was initially released (Dkt. Nos. 1 at 8, ¶ 27). While released, he routinely attended his ICE check-ins and committed no violations of the terms of his OSUP (Dkt. No. 1 at 8, ¶ 29).

On January 6, 2026, ICE re-apprehended him to effectuate his removal (Dkt. No. 7 at 3). Fifty-five days after his re-detention, Petitioner initiated this habeas proceeding seeking his release (*see* Dkt. No 1). The Court ordered Respondents to file a response to the Petition (Dkt. No. 4). Respondents timely moved to dismiss the petition (*see* Dkt. No. 5), and Petitioner filed a reply (Dkt. No. 9). During the pendency of this case, Respondents transferred Petitioner to Florida[2] (Dkt. No. 12). This matter is now ripe for the Court's consideration.

## II.    LEGAL STANDARDS

### A.  28 U.S.C. § 2241

Under 28 U.S.C. § 2241(c)(3), a detainee may seek habeas relief if they are "in custody in violation of the Constitution or laws or treaties of the United States." "The petitioner 'bears the burden of proving that [she] is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy [her] burden of proof by a preponderance of the evidence.'" *Puertas-Mendoza v. Bondi*, No. SA-25-CV-00890-XR, 2025 WL 3142089, at *1 (W.D. Tex. Oct. 22, 2025) (Rodriguez, J.) (quoting *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696 (S.D. Tex. 2025)).

---

[2] Petitioner was detained at the Webb County Detention Center in Laredo, Texas at the time of filing his petition (Dkt. Nos. 1 at 7, ¶ 25; 1-2 at 3). For the purposes of 28 U.S.C. § 2241, jurisdiction is determined at the time of the petition's filing; therefore, the Court retains jurisdiction to adjudicate the petition. *Owens v. Roy*, 394 F. App'x 61, 62–63 (5th Cir. 2010) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 442–43 (2004)).

A court entertaining a habeas petition shall immediately "award the writ or issue an order directing the respondent to show cause why the writ should not be granted." § 2243. In a similar vein, a court need not hold a hearing if the habeas petition "raises only questions of law, or questions regarding the legal implications of undisputed facts." *Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989); *see also Gomez-Simeon v. Bondi*, No. SA-25-CV-01460-JKP, 2025 WL 3470872, at *1, *6 (W.D. Tex. Nov. 24, 2025) (Pulliam, J.) (granting habeas petition without a hearing); *Puertas-Mendoza*, 2025 WL 3142089, at *1, *5 (same).

## B. Federal Rule of Civil Procedure 56

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000) (citations omitted). Federal Rule of Civil Procedure 56 provides: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A dispute of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The movant bears the initial burden "of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The onus then shifts to the non-moving party "to go beyond the pleadings" and establish "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted) (citing Fed. R. Civ. P. 56(e)). The

Court resolves all "factual controversies in favor of the nonmoving party," so long as the non-movant's evidence is not so tenuous "that it could not support a judgment in favor of the nonmovant." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (first citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); and then citing *Armstrong v. City of Dallas*, 997 F.2d 62 (5th Cir. 1993)).

## III.    DISCUSSION

Respondents argue that Petitioner's continued detention is lawful because he has not met his initial burden to show that there is no significant likelihood of removal in the reasonably foreseeable future (*see* Dkt. No. 7). Additionally, Respondents argue that the Court lacks subject matter jurisdiction over Petitioner's petition because his claims are intertwined with ICE's authority to execute a removal order, and are not ripe (Dkt. No. 7 at 3–6). Because Respondents' alternative argument challenges jurisdiction, the Court begins there. *See Fort Bend County v. U.S. Army Corps of Eng'rs*, 59 F.4th 180, 188 (5th Cir. 2023) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)) (generally courts must analyze subject matter jurisdiction before evaluating a case's merits).

### A. Subject Matter Jurisdiction

1. Claims Intertwined with ICE's Execution of a Final Order of Removal

Respondents argue the Court lacks jurisdiction over Petitioner's claims because they necessarily challenge DHS's authority to remove Petitioner, specifically its authority to remove him to a safe third country (Dkt. No. 7 at 3–6). In support, they cite two non-binding cases decided outside the Fifth Circuit (Dkt. No. 7 at 3–4 (first citing *C.R.L. v. Dickerson*, No. 4:25-CV-175-CDL-AGH, 2025 WL 1800209, at *2–3 (M.D. Ga. June 30, 2025); and then citing *Diaz Turcios v. Oddo*, No. 3:25-CV-0083, 2025 WL 1904384, at *5 (W.D. Pa. July 10, 2025)).

Neither are helpful to the instant action. Both courts considered claims, which sought to prevent the executive branch from imminently removing the petitioners to third countries. *C.R.L.*, 2025 WL 1800209, at *1 n.1; *Oddo*, 2025 WL 1904384, at *2. Critically, they did not address prolonged detention claims. Unlike those cases, Petitioner's challenge cannot be said to contest his order of removal but is only related to his post-removal period of detention (*see* Dkt. No. 1). While the INA strips district courts of their jurisdiction to hear several immigration-related challenges, it is no bar against a habeas petitioner's challenge to their prolonged detention. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (holding that a § 2241 petition is the proper vehicle to raise statutory and constitutional challenges to post removal-period detention); *see also Zhu v. Noem*, No. 5:25-CV-00239, 2025 WL 4710076, at *4 (S.D. Tex. Dec. 23, 2025) (Saldaña, J.).

2. Ripeness

Without specifying any statutory authority, Respondents next contend that the Court should dismiss this action because Petitioner has not been in custody more than 180 days since his re-detainment (Dkt. No. 7 at 6). The parties agree that Petitioner is subject to a July 18, 2017 final order of removal (Dkt. Nos. 1 at 7, ¶ 25; 7 at 2). Yet, Respondents claim the six-month presumptive reasonable period has not passed, since Petitioner had only been detained for fifty-five days when he filed his petition (Dkt. No. 7 at 6). The Court disagrees and finds Petitioner's post-removal detention is ripe for adjudication.

Although there is no binding authority, there is a general consensus amongst the district courts that the detention period is considered in the aggregate. *See Abuelhawa v. Noem*, 811 F. Supp. 3d 847, 855 (S.D. Tex. 2025) (collecting cases). If not, nothing would prevent the government from releasing aliens and then re-detaining them to restart the

5

clock. *Nguyen v. Scott*, 796 F. Supp. 3d 703, 721 (W.D. Wash. 2025) (collecting cases). Respondents fail to provide any convincing reason why the presumptive period should be reset in Petitioner's case, nor do they direct the Court to any binding authority to support their form of counting. Because Petitioner's post-removal detention includes ninety days in 2017, and the time from his re-detention this year up to the date of this Order, Petitioner has long surpassed the six-month presumptively reasonable period under *Zadvydas*. *Abuelhawa*, 811 F. Supp. 3d at 855. The Court finds it has jurisdiction over Petitioner's claims and proceeds to the merits.

### B. Merits of Habeas Petition

Petitioner asserts five claims for relief in his Petition (Dkt. No. 1 at 18–26). The Court first considers Petitioner's Count Three,[3] which asserts his prolonged detention violates the Supreme Court's framework in *Zadvydas* (Dkt. No. 1 at 22).

#### 1. Indefinite Detention and *Zadvydas v. Davis*, 533 U.S. 678 (2001)

Pursuant to the INA, the Government ordinarily secures the removal of an alien during the statutory 90-day period following an order of removal. 8 U.S.C. § 1231(a)(1)(A). As relevant here, the removal period begins to run on "[t]he date the order of removal becomes administratively final." § 1231(a)(1)(B)(i). Aliens are generally detained during the removal period. § 1231(a)(2)(A).

If the alien is not removed during this statutory 90-day period, the Government may continue to detain them for "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. Reasonableness should be measured "in terms of the statute's basic purpose, namely, assuring the alien's presence

---

[3] The Petition refers to two claims as "Count Three" (Dkt. No. 1 at 22). For clarity, the Court does not consider Petitioner's claim asserting Respondents violated the statute and regulations for revoking an order of supervision (Dkt. No. 1 at 22–23).

at the moment of removal." *Id.* at 699. To aid in this determination, the Supreme Court set a presumptively reasonable six-month period of post-removal detention. *Id.* at 701. Beyond that point, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* "And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the reasonably foreseeable future conversely would have to shrink." *Id.* (citation modified). It is axiomatic, however, that the Constitution forbids an alien's indefinite or permanent post-removal detention. *Id.* at 689.

###### a.   *Presumptively Reasonable Period of Detention*

As discussed above, Petitioner's detention has surpassed the six-month presumption of reasonableness under *Zadvydas*. As of the date of this Order, Respondents have cumulatively held Petitioner for nearly nine months in detention since his order of removal became final. *Abuelhawa*, 811 F. Supp. 3d at 855.

###### b.   *Petitioner's Burden*

At this point, Petitioner need only demonstrate "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 699. "'Good reason' is not an onerous standard." *Mogos v. Thompson*, No. 5:26-CV-0740-JKP, 2026 WL 475079, at *4 (W.D. Tex. Feb. 13, 2026) (Pulliam, J.). Although the Fifth Circuit instructed that an alien's onus extends beyond "conclusory statements," there is no further binding guidance. *Andrade v. Gonzales*, 459 F.3d 538, 543–44 (5th Cir. 2006). Petitioner's allegations, read in tandem with Respondents' response, satisfy his burden.

Petitioner alleges that Respondents have failed to remove him for years and they have not secured the necessary travel documents for his removal, such that his removal

is not significantly likely in the reasonably foreseeable future (Dkt. Nos. 1 at 19, ¶ 64; 22, ¶¶ 75–76). Although Respondents claim they initiated efforts to remove him, they have failed to attach *any* evidence of such attempts (*see* Dkt. No. 7). They neither provide any countries they have contacted to secure Petitioner's removal, nor any recent developments, such as pending requests to third countries. *Le v. Bondi*, No. 4:25-CV-06257, 2026 WL 1138362, at \*4 (S.D. Tex. Apr. 21, 2026) (finding petitioner met his burden, in part, based on Respondents failing to make any inquiries to other countries). Of course, pending requests alone do not demonstrate a significant likelihood of removal in the reasonably foreseeable future. *Garcia-Aleman v. Thompson*, No. SA-25-CV-886-OLG (HJB), 2025 WL 3534806, at \*5 (W.D. Tex. Nov. 24, 2025), *report and recommendation adopted*, No. SA-25-CV-00886-OLG, 2025 WL 3532179 (W.D. Tex. Dec. 9, 2025); *Trejo v. Warden of ERO El Paso E. Mont.*, 807 F. Supp. 3d 697, 706 (W.D. Tex. 2025). The Court further notes that Petitioner is a Cuban citizen with no meaningful ties to any other country (Dkt. No. 1 at 5, ¶ 12). *See Misirbekov v. Venegas (Misirbekov I)*, 793 F. Supp. 3d 892, 895 (S.D. Tex. 2025) (Olvera, J.) (finding a lack of connection to any country besides the alien's country of origin to be significant); *see also Trejo*, 807 F. Supp. 3d at 706. Based on the record before the Court, Petitioner's removal appears unchanged in the nearly nine years since he was ordered removed. *Khoury v. Garite*, No. EP-25-CV-00577-DCG, 2026 WL 1179822, at \*10 (W.D. Tex. Apr. 21, 2026).

Lastly, Respondents argue that Petitioner failed to comply with 8 C.F.R. § 241.13 because he does not demonstrate that DHS's Headquarters Post-Order Detention Unit ("HQPDU") made an administrative determination as to whether there is a significant likelihood that Petitioner will be removed in the reasonably foreseeable future (Dkt. No. 7 at 10). *See* 8 C.F.R. § 241.13(d)(1) ("An eligible alien may submit a written request for

release to the HQPDU asserting the basis for the alien's belief that there is no significant likelihood that the alien will be removed in the reasonably foreseeable future"). As this Court previously addressed this argument in the context of exhaustion, the Court is unconvinced that it is required and, to its knowledge, the Fifth Circuit has not spoken directly regarding § 241.13(d)(1)'s applicability. *See Black v. Agudelo*, 5:25-cv-295 slip. op. at 6–7 (S.D. Tex. Feb. 2, 2026). Furthermore, § 241.13(d)(1) states that an eligible alien "may" submit a written request for release, thus indicating that the procedure is permissive, not mandatory. Considering Respondents' prior failures to remove Petitioner, the Court is persuaded that Petitioner carried his burden. *Pham v. Bondi,* No. CV H-25-5765, 2026 WL 969962, at *8 (S.D. Tex. Jan. 9, 2026).

c. *Whether the Government Rebutted Petitioner's Showing*

Simply put, Respondents' rebuttal efforts do not rise to the occasion. Respondents primarily rely on Petitioner not meeting his initial burden and fail to directly address this inquiry (Dkt. No. 7 at 11). They have not proffered any evidence—let alone even alleged—that a foreign country has *ever* accepted a Cuban national deported from the United States. *See Trejo*, 807 F. Supp. 3d at 707. It is significant that "ICE did not commence Petitioner's current detention because it had located a country willing to accept [Petitioner]." *Marquez-Amaya v. Thompson*, No. 5:25-CV-1501-JKP, 2025 WL 3654327, at *6 (W.D. Tex. Dec. 15, 2025).

Respondents' inability to secure Petitioner's removal to this point casts serious doubt on their ability to do so at all. Thus, the Court finds that Petitioner's removal is not reasonably foreseeable, and his continued confinement amounts to an unconstitutional, indefinite detention. *See Zadvydas*, 533 U.S. at 696, 699 (finding that neither the INA nor the Constitution authorizes indefinite detention); *see also Samiullah v. Bondi*, 5:26-cv-89 slip. op. at 8 (S.D. Tex. June 18, 2026) (finding detention

to be indefinite where Respondents took no discernible efforts to remove the petitioner to his country of origin), *report and recommendation adopted*, 2026 WL 1954394 (S.D. Tex. July 6, 2026) (Garcia Marmolejo, J.).

Because the Court finds this claim warrants habeas relief, it declines to reach Petitioner's remaining claims. *Kalaba v. Field Office Dir., Mia. Field Off., U.S. Immigr. & Customs Enf't.*, No. 26-CV-21484, 2026 WL 1655787, at *5 (S.D. Fla. June 9, 2026).

### C. Request for EAJA Fees

Turning to Petitioner's request for attorney's fees, such relief is squarely foreclosed. Since habeas proceedings are not purely civil actions, the Fifth Circuit held that attorney's fees under the EAJA are unauthorized in § 2241 habeas actions. *Barco*, 65 F.4th at 785; *see also Bobomirzaev, v. Bondi*, No. 5:25-CV-00297, 2026 WL 972331, at *4 (S.D. Tex. Jan. 23, 2026) (Kazen, J.) (recognizing EAJA fees are not available for § 2241 habeas petitions).

## IV.   CONCLUSION

For the foregoing reasons, Petitioner's habeas Petition (Dkt. No. 1) is **GRANTED IN PART AND DENIED IN PART**. Respondents' Motion for Summary Judgment (Dkt. No. 7) is **DENIED**.

Respondents are **ORDERED** to **RELEASE** Petitioner from custody to a public place **no later than 5:00 p.m. on July 10, 2026**. Petitioner's release is subject to 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.5.

Respondents are **ORDERED** to **NOTIFY** Petitioner's counsel of the exact location and exact time of his release as soon as practicable and **no less than two hours before her release**.

The parties are **ORDERED** to file a Joint Status Report **no later than 5:00 p.m. on July 13, 2026**, confirming that Petitioner has been released and advising the Court of his conditions of release.

The Court's prior **ORDER**, that Respondents **NOTIFY** Petitioner's counsel and the Court of any planned removal of him from the United States, at least five (5) days before any such removal, **REMAINS IN PLACE**.

It is so **ORDERED**.

**SIGNED** July 8, 2026.

Marina Garcia Marmolejo
United States District Judge

11